THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL CASE NO. 3:17-cr-00044-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THOMAS ANTHONY HAMMOND, ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's "Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)" [Doc. 47]; the Defendant's Motion for Merits Ruling [Doc. 52]; and the Government's Motion to Seal Exhibit 1 to Supplemental Response to Motion Seeking Compassionate Release Doc. 62].

I.  **BACKGROUND**

On May 17, 2017, the Defendant Thomas Anthony Hammond pled guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). On October 19, 2017, the Honorable Robert J. Conrad, Jr., United States District Judge, sentenced him to a term of 168 months' imprisonment. [Doc. 31].

The Defendant is currently located at FCI Beckley, and his projected release date is August 12, 2028.[1]

On December 5, 2023, the Defendant filed the present motion for compassionate release. [Doc. 47]. In his motion, the Defendant requests the appointment of counsel to assist him in making his compassionate release request. [Id. at 6]. The Court directed the Government to respond to the Defendant's motion. [Doc. 49]. The Government filed its response on January 8, 2024. [Doc. 51]. In March 2024, the Defendant filed a motion seeking a "merits ruling" on his compassionate release request. [Doc. 52].

On July 28, 2025, this matter was reassigned to the undersigned, and the Court directed the Government to file a supplemental response. [Doc. 57]. After receiving an extension of time to do so, the Government filed a supplemental response on August 21, 2025, [Doc. 60], as well as a motion to seal certain medical records filed in support of its supplemental response [Doc. 62]. Despite being given an opportunity to do so, the Defendant has not filed a reply to the Government's supplemental response.

---

[1] See https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last accessed Sept. 11, 2025).

## II. DISCUSSION

### A. Motion for Compassionate Release

The Court may not, as a general matter, "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The only exceptions to this general rule are the exceptions specifically delineated by Congress. One such exception is the so-called "compassionate release" exception, which gives the Court discretionary authority to reduce a sentence upon a finding that "extraordinary and compelling reasons warrant" the reduction. Id. § 3582(c)(1)(A)(i).

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, it appears that the Defendant has sufficiently exhausted his administrative remedies with the BOP by requesting compassionate release from the Warden. [See Doc. 47 at 3]. Accordingly, the Court will

3

proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. The Sentencing Commission amended § 1B1.13 effective November 1, 2023, to address the amendment to § 3582(c)(1)(A) authorizing courts to grant a motion for a sentence reduction based on a defendant's own motion. The amended policy statement also sets forth a list of specified extraordinary and compelling reasons, considered either singly or in combination, that can warrant a reduction in sentence, including: (1) the defendant's medical condition, including a terminal illness or serious medical or physical condition that substantially diminishes the defendant's ability to provide self-care or that requires long-term or specialized medical care; (2) the defendant's age, if the

4

defendant at least 65 years old, is experiencing a serious deterioration in physical or mental health, and has served at least 10 years or 75 percent of his or her term of imprisonment; (3) certain family circumstances, such as the death or incapacitation of the defendant's child, or where the defendant would be the only available caregiver for an incapacitated family member; (4) where the defendant was a victim of abuse while in custody; (5) any other reasons that are similar in gravity to the aforementioned reasons; and (6) in the event of an "unusually long sentence," the defendant has served at least 10 years of the term of imprisonment, and there has been a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) that would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. U.S.S.G. § 1B1.13(b)(1)-(6).

Here, the Defendant primarily relies upon § 1B1.13(b)(1)(B)(i), arguing that a number of his health conditions—including an injury to his left shoulder rotator cuff, a cataract in his left eye, and associated conditions—constitute serious conditions or impairments "that substantially diminish[ ] [his] ability to provide self-care within the environment of a correctional facility" and from which he is "not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). He also alleges that he suffers from hypertension, astigmatism, presbyopia,

5

superficial mycosis, high cholesterol, and a bad left ankle.  [Doc. 48 at 4].  Further, he alleges that he has completed a number of educational and rehabilitative programs while in prison and that he has a clean disciplinary record.  [Id. at 3].

While the Defendant relies on a number of medical conditions as a basis for relief, the medical records provided by the Government demonstrate that the Defendant has received appropriate treatment for these conditions while in the BOP.  With respect to his rotator-cuff injury, these records indicate that the Defendant has received regular pain medication, which BOP medical staff has adjusted in response to the Defendant's reports.  [Doc. 61: Medical Records at 39, 58, 95–98, 135–138, 155, 178–179].  An orthopedic doctor evaluated the Defendant's shoulder in March of 2024, ordered x-rays, administered an injection, and recommended medication, activity modification, and an MRI.  [Id. at 132, 207].  The BOP approved further consultations with an orthopedic specialist and an MRI.  [See id. at 14, 18, 32, 45, 109, 155].  However, the Defendant reported that he did "not want treatment, further evaluation, or [an] MRI" because the associated medical hold would "prevent or delay transfers or halfway house placement."  [Id. at 109].  The Defendant signed documents confirming his decision to refuse treatment in September of 2024 and April of 2025.  [Id. at

6

45, 109, 121]. In May of 2025, he stated that he had "put in for [his] Halfway house in 90 days" and "did not wish to have surgery in the BOP." [Id. at 1]. The Defendant also has declined at times to take pain medication, against the recommendations of medical personnel. [Id. at 41–42].

Regarding the Defendant's cataract and other eye conditions, the BOP medical records indicate that he has received regular eye examinations and has declined additional treatment. The Defendant has been evaluated by an optometrist, has received regular vision screenings, and has received updated eyeglasses several times. [Id. at 51, 75, 80–83, 133–134, 159, 163]. The Bureau of Prisons requested an ophthalmology consultation with the West Virginia University Eye Institute for "cataract evaluation and subsequent extraction," but the Defendant refused to attend the consultation. [Id. at 45, 121, 134]. He signed a document confirming his decision to refuse treatment in September of 2024. [Id. at 121].

The BOP medical records also reflect that the Defendant received treatment for the other medical conditions identified in his compassionate release motion. For example, he has been prescribed medication for his hypertension, and medical personnel described the Defendant's blood pressure during a recent visit as "within clinical target parameters." [Id. at 1, 28, 35, 53, 58, 68, 178]. He has received eye examinations, vision

7

screenings, and glasses for his eye conditions. [Id. at 51, 75, 80–83, 133–134, 159, 163]. He has received a toenail operation, and records describe his "mycosis" as in "[r]emission." [Id. at 114, 123–125, 160, 201]. Further, he has received an x-ray, orthotics, and an ankle brace, among other things, for his ankle. [Id. at 45, 68, 111, 114, 126].

Although the Defendant has a number of medical conditions that require monitoring and treatment, the BOP medical records confirm that these conditions do not qualify as extraordinary and compelling reasons for a sentence reduction. The treatment that the Defendant has received and the Defendant's decisions to refuse further treatment confirm that his conditions are not sufficiently "serious" to justify his early release. U.S.S.G. § 1B1.13(b)(1)(B)(i), (ii). Further, the Defendant has failed to show that any of these conditions "substantially diminish[ ]" his ability "to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13(b)(1)(B).

In addition to his medical conditions, the Defendant cites his efforts at rehabilitation while in prison as an extraordinary and compelling reason justifying his early release. While his efforts at rehabilitation are commendable, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d).

Having carefully considered the Defendant's motion, the Court concludes that the Defendant has failed to show that any of the cited reasons—considered singly or in combination—demonstrate extraordinary and compelling reasons for his release.

Even if the Defendant could establish an extraordinary and compelling reason for his release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's bank robbery offenses were extremely serious and violent. Additionally, the Defendant has a significant history of violent crimes, including multiple convictions for robbery and assault. [Doc. 26: PSR at ¶¶ 50, 52]. In light of the seriousness of the Defendant's offenses and his criminal history, the Court concludes that a reduction of his sentence would not appropriately reflect the seriousness of his offenses, promote respect for the law, deter future criminal conduct or protect the public.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant §

3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's motion for compassionate release is denied.[2]

## B. Motion for Merits Ruling

Because the Court has now ruled on the Defendant's compassionate release request, the Defendant's "Motion for Merits Ruling" is denied as moot.

## C. Government's Motion to Seal

The Government moves the Court for leave to file under permanent seal the BOP medical records [Doc. 61] filed in support of its supplemental response to the Defendant's Motion for Compassionate Release. For grounds, counsel states that the medical records contain highly personal and confidential material concerning the Defendant's medical conditions. [Doc. 62].

---

[2] Within his compassionate release motion, the Defendant also moves for the appointment of counsel to represent him in connection with litigating his motion. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)). While the Court may, in some circumstances, appoint counsel to represent a prisoner, see 18 U.S.C. § 3006A(a)(2)(B), the Court concludes that the interests of justice do not require the appointment of counsel in this case. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001).

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on August 21, 2025, and such motion has been accessible to the public through the Court's electronic case filing system since that time. Further, the Government has demonstrated that the subject medical records contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** that:

(1) The Defendant's "Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)" [Doc. 47] is **DENIED**;

(2) The Defendant's Motion for Merits Ruling [Doc. 52] is **DENIED AS MOOT**; and

(3) The Government's Motion to Seal [Doc. 62] is **GRANTED**, and the medical records [Doc. 61] submitted in support of the Government's Supplemental Response shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: September 22, 2025

Martin Reidinger
Chief United States District Judge